**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

RECEIVED

2025 SEP -5  A 11: 00

TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MCHAEL A DEVITA in his own capacity
TANKS OUTDOOR SERVICES LLC
*Plaintiffs,*

V.                                                              Case #: **25-cv-00436**

**BLOCK, INC.,** f/k/a SQUARE, INC., a/k/a
the **CASH APP**
**CASH APP INVESTING LLC,**
**DRIVEWEALTH, LLC,**
**JOHN AND JANE SMITH 1-10...** and all other unknown individuals acting as fiduciaries of and for
Michael DeVita
*Defendants.*

## AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**Jury Trial Demanded**

### I.   INTRODUCTION

Plaintiff, Michael A. DeVita, a competent individual of 42 years and the sole proprietor of Tanks Outdoor Services LLC, hereby file this Amended Complaint to address the egregious and unlawful actions perpetrated by the Defendants in relation to the Cash App platform. The Defendants have engaged in a series of reckless and fraudulent practices, which not only violate federal securities laws and the Electronic Fund Transfer Act but also contravene various state statutes and common law principles. This conduct has inflicted significant financial harm upon the Plaintiff, warranting not just compensatory damages but also immediate injunctive relief to prevent further misconduct. The Plaintiff demands accountability for these violations and seeks to restore his rightful control over his financial assets, which have been unjustly manipulated and misappropriated by the Defendants. The gravity of the situation calls for a resolute response from this Court, as the Plaintiff pursues justice and restitution for the profound impact these actions have had on his life and his business interests.

### II.   PARTIES

1. *Plaintiff* **Michael A. DeVita** is a legal Florida resident, of sound mind and in full legal capacity, makes these claims individually and on behalf of

1

2. *Plaintiff* **Tanks Outdoor Services LLC** who is a Florida LLC with its principal place of business in Dothan, Alabama, providing property preservation, landscaping, and drainage services.

3. *Defendant* **Block, Inc a/k/a the CASH APP (f/k/a Square, Inc.)** is a Delaware corporation headquartered in California that owns and operates **Cash App**.

4. *Defendant* **Cash App Investing LLC** is a Delaware LLC and registered broker-dealer subsidiary of Block, Inc., with a principal place of business in Oregon.

5. *Defendant* **DriveWealth, LLC** is a Delaware LLC, serving as executing broker for Cash App Investing, facilitating securities transactions.

6. *Defendant* **Cash App** is an electronic payment and investment platform operated by Block, Inc. and its affiliates.

7. *Defendants* **John and Jane Smith 1-10 are** individuals whose identities are somewhat unclear but who acted as fiduciaries and agents of the aforementioned Defendants. They conspired to exploit Plaintiffs' financial assets through unauthorized access, manipulation, and deceptive practices designed to enrich themselves at the Plaintiffs' expense.

## III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to *28 U.S.C. § 1331* because this action arises under the Electronic Fund Transfer Act, *15 U.S.C. § 1693* et seq., a federal statute.

9. This Court also has supplemental jurisdiction pursuant to *28 U.S.C. § 1367* over related state law claims, including breach of fiduciary duty, conversion, unjust enrichment, and negligence.

10. Venue is proper in this District pursuant to *28 U.S.C. § 1391* because Defendant conducts business in Alabama, Plaintiff has a business in this District, and the events giving rise to this action occurred within this District.

IV. Tap on a clip to paste it in the text box.**STATEMENT OF FACTS**

## 12. *Breach of Fiduciary Duty*

Defendants assumed fiduciary responsibilities over Plaintiff's financial assets by exercising control over his Cash App and investment accounts. In doing so, Defendants owed Plaintiff fiduciary duties of loyalty, honesty, disclosure, and care. Defendants breached these duties by diverting Plaintiff's assets without his consent, misusing his personal information, and failing to safeguard his property, while deliberately concealing their actions and motives. As a direct consequence of these breaches, Plaintiff suffered significant financial harm, including the loss of assets of which he was not even made aware. Individuals both within and outside of Plaintiff's personal life—including members of his own family—failed to disclose their involvement in reallocating his property and funds for their own benefit. As a result, Plaintiff has been deprived of his rightful property and left in dire living conditions. He is currently residing in a condemned recreational vehicle without access to basic necessities such as adequate food, hot water, or cooking fuel, and is frequently stranded on the roadside without gas.

**LAWS VIOLATED:**

a. *\*Alabama Deceptive Trade Practices Act (ADTPA), Ala. Code § 8-19-5 (5), (7)  (27)*
b. *Computer Fraud and Abuse Act (*CFAA), 18 U.S.C. § 1030
c. Federal Trade Commission Act (15 U.S.C. § 45)
d. *Identity Theft and Assumption Deterrence Act, 18 U.S.C. § 1028* Misusing Plaintiff's personal information for unauthorized transactions or marketing

**CASE LAW:**

a. *Ex parte Farmers Exchange Bank,* 783 So. 2d 24 (Ala. 2000)
b. *Regions Bank v. Lowrey,* 101 So. 3d 210 (Ala. 2012)
c. *Baldwin County Elec. Membership Corp. v. Catrett,* 942 So. 2d 337 (Ala. 2006)
d. *Spruiell v. Robinson,* 582 So.2d 508 (Ala. 1991)
e. *Hopkins v. Hopkins,* 923 So.2d 449 (Ala. Civ. App. 2005)
f. *Hogin v. Cottingham,* 533 So.2d 525 (Ala. 1988)

---

## 12. *Conversion / Fraudulent Misrepresentation    (Conduct Amounting to Embezzlement)*

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein. Defendant Block, Inc., by and through its subsidiaries including  the Cash App, Cash App Investing LLC, DriveWealth LLC, Velox Holdings LLC, Citibank N.A., Surtoneë  assumed possession, custody, and control of Plaintiff's funds for the limited purpose of safekeeping, investment, and disbursement. Without authorization or consent, Defendant intentionally diverted, reallocated, and transferred Plaintiff's securities (Bitcoin and stocks) without authorization.cash within his Cash App account by fabricating transactions to unknown recipients and/or for Defendant's own benefit. Defendant's actions were willful, knowing, and undertaken with the intent to permanently deprive Plaintiff of the use, possession, and enjoyment of his property.. Defendant's wrongful conduct constitutes conversion under civil law and is tantamount to embezzlement under criminal statutes, reflecting an intentional misappropriation of entrusted funds.. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of property, lost business opportunities, financial harm, and other damages in an amount to be proven at trial.

3

Defendant's conduct was fraudulent, malicious, and in reckless disregard of Plaintiff's rights, entitling Plaintiff to an award of compensatory damages, punitive damages, interest, and costs.

Tap on a clip to paste it in the text box.*Tap on a clip to paste it in the text box.*

**LAWS VIOLATED:**

    a.    *Alabama Deceptive Trade Practices Act (ADTPA) Ala. Code § 8-19-5(7)

    b.    *15 U.S.C. § 1693 et seq.* – Protects consumers from unauthorized electronic fund transfers.

**CASE LAW:**

    a.    *Crown Life Ins. Co. v. Smith,* 657 So. 2d 821 (Ala. 1994)

    b.    *SouthTrust Bank v. Donely,*ohogu h Tap on a clip to paste it in the text box.Tap on a clip to paste it in the text box.Tap on a clip to paste it in the text box.Tap on a clip to paste it in the text box.Tap on a clip to paste it in the text box. 925 So. 2d 934 (Ala. 2005)

    c.    *Greene County Bd. of Educ. v. Bailey,* 586 So. 2d 893 (AlTap on a clip to paste it in the text box.*Tap on a cTap on a clip to paste it in the text box.*Tap on a clip to paste it in the text box.*lip to paste it in the text box.*a. 1991)

---

## 13. *Unauthorized Securities Sales*

Plaintiffs acquired fractional shares of companies (Snapchat, Aurora Cannabis, Apple, DocuSign, ext…) via Cash App. He also purchased cryptocurrency through the Cash App platform. Defendants sold those assets without authorization. Defendant Drivewealth altered the share amounts when purchased, then liquidated them without authorization. (Bitcoin, Snapchat, Apple, DocuSign…)

**LAWS VIOLATED:**

    a.    *Alabama Deceptive Trade Practices Act (ADTPA) § 8-19-5 (2) & (5)

    b.    Alabama Securities Act, *Ala Code § 8-6-17 (2024)*

        1. Employ any device, scheme, or artifice to defraud

        2. Make material misstatements or omissions that render any statement misleading;

        3.. Engage in any act, practice, or course of business operating as a fraud or deceit on any person.

**CASE LAW:**

    a.    *Securities Act 1933 - Sec 12(1) and 12(2) (Unregistered Sale of Securities and False Statements)*

    b.    *Section 12(1) or 12(2) of the Securities Act (unregistered/false statements).*

    c.    *Section 10(b) and Rule 10b-5 of the Exchange Act (fraud)*

    d.    *Securities Exchange Act of 1934;; 15 U.S.C. § 78j(b)*

    e.    **Wire Fraud (18 U.S.C. § 1343).**

    f.    *SEC v. Zandford, 535 U.S. 813 (2002).*

---

## 14. *Unauthorized Account Conversions*

4

In December 2021, Cash App reclassified DeVita's personal account as "business", resulting in unjustified fees and controls.

**LAWS VIOLATED:**

    a. *Electronic Fund Transfer Act (EFTA)*

    b. *Regulation E (12 C.F.R. Part 1005)*

    c. *EFTA/Reg E* do not apply to business accounts.

    d. *Ala. Code § 7-1-304*

    e. *Ala. Code § 8-19-1 et seq.*

**CASE LAW:**

    a. *Adams v. MAX Credit Union (M.D. Ala. 2023* (breaches tied to fee practices and Reg E).

    b. *Simple Helix, LLC v. Rel. (N.D. Ala. 2020)*

---

## 15. *Deceptive Bitcoin Promotions*

Cash App advertised "10% Bitcoin Boosts" from December 2020 to March 2020 but they systematically underpaid rewards. Plaintiff was credited for far less than the advertised amount. Was only credited with $9 in Bitcoin boosts. Throughout that period the plaintiff spent $6000, 10% = $600.

**LAWS VIOLATED:**

    a. *Alabama Deceptive Trade Practices Act (ADTPA). § 8-19-5(2), (5), (7), (27).

    b. Securities Exchange Act of 1934

    c. *Securities Act of 1933; Rule 10b-5 (17 C.F.R. § 240.10b-5)*

    d. *Federal Trade Commission Act, 15 U.S.C. § 45(a);*

    e. *Florida Deceptive and unfair trade practices act (FDUTPA)*

    f. *Common law fraud.*

**CASE LAW:**

    a. *Basic Inc. v. Levinson, 485 U.S. 224 (1988).*

    b. *Tapjoy – FTC Administrative Enforcement*

    a. *FTC v. Celsius Network Inc.*

    b. *Coinbase Dogecoin Sweepstakes – False Advertising Litigation*

---

## 16. *Unauthorized Transactions,  Inaccurate Statements,*

Cash App repeatedly ignored the fact that all monthly statements did not add up correctly. Unauthorized transactions accumulated to $1000 per month for at least six (six) months. Other months had numerous unauthorized transactions as well. Plaintiff disputed these transactions, in detail, repeatedly through the app, sending screenshots and any proof requested. A few months later he noticed that instead of listing where the transactions occurred (ex: SAN FRANCISCO

5

WALMART $33.33) they were all changed to, "CASH CARD PURCHASE" rendering it much more difficult to locate ones that were unauthorized. A total of at least $10,000 has been unaccounted for in cash so far.

**LAWS VIOLATED:**

a.  *Alabama Deceptive Trade Practices Act (ADTPA), Ala. Code § 8-19-1 et seq.*
b.  *Electronic Fund Transfer Act (EFTA), 15 U.S.C. § 1693 et seq*
c.  *Consumer Financial Protection Act (CFPA), 12 U.S.C. § 5531 et seq..*
d.  *Wire Fraud (18 U.S.C. § 1343)*
e.  *Federal Trade Commission Act, 15 U.S.C. § 45*
f.  *Regulation E (12 C.F.R. Part 1005)*
g.  *Alabama Uniform Commercial Code (UCC), Title 7, Ala. Code §§ 7-4A-101 et seq.*
h.  *Alabama Fraud Statutes (Ala. Code § 6-5-101 et seq.)*
i.  *Alabama Negligence / Wantonness Law (Common Law + Ala. Code § 6-11-20)*

**CASE LAW:**

a.  *Studco Building Systems v. 1st Advantage Federal Credit Union (E.D. Va.).*
b.  *Experi-Metal v. Comerica Bank (E.D. Mich.)*
c.  *Patco Construction Co. / People's United Bank*

---

## 17. *Data Breach and Cybersecurity Failures*

Defendants experienced a data breach in 2022 by a Block, Inc. employee, leading to unauthorized transactions and identity compromise. That employee was never mentioned in the California class action. There is a strong possibility that the employee who caused the breach may be responsible for all of the missing funds, individually and through the Cash App. Plaintiff was a movant in that case (22-cv-04083 Northern District of California) but ultimately dropped his objection and opt out to pursue his own personal lawsuit.

**LAWS VIOLATED**

a.  *Alabama Deceptive Trade Practices Act (ADTPA). § 8-19-5(5), (27)*
b.  *Electronic Fund Transfer Act (EFTA), 15 U.S.C. § 1693 et seq., and Regulation E (12 C.F.R. Part 1005)*
c.  *Consumer Financial Protection Act (CFPA), 12 U.S.C. §§ 5531, 5536 (UDAAP)*
d.  *Gramm–Leach–Bliley Act (GLBA), 15 U.S.C. §§ 6801–6809*
e.  *FTC Safeguards Rule (16 C.F.R. Part 314) for non-bank financial institutions.*
f.  *SEC Regulation S-P (17 C.F.R. Part 248)*
g.  *FTC Act § 5 (15 U.S.C. § 45)*

**CASE LAW:**

a.  *Widjaja v. JPMorgan Chase Bank, N.A., 21 F.4th 579 (9th Cir. 2021)*
b.  *Regulation E, 12 C.F.R. § 1005.11* (Error Resolution Procedures)
c.  Amchem Products, Inc. v. Windsor, 521 U.S. 591 (1997)

---

## 18. *Dispute Policy Misconduct*

Plaintiffs disputed many unauthorized, missing, or erroneous transactions  Defendants' resolution process was inadequate, and credits owed were not provided.

## LAWS VIOLATED:

a. *Alabama Deceptive Trade Practices Act (ADTPA).      § 8-19-5(14), (27
b. Alabama UCC § 7-4-406 – Duty to Examine & Report Unauthorized Signatures or Alterations
c. Alabama UCC § 7-4A-204 – Funds Transfers: Unauthorized Payment Orders
d. Depositor Duty Rule – Common-Law (McCarty v. First Nat. Bank) .
e. 18 U.S.C. § 1005 – False Entries in Bank Records

## CASE LAW:

a. **Experi-Metal, Inc. v. Comerica Bank (E.D. Mich., 2011):**
b. Northern Frac Proppants LLC v. Regions Bank (5th Cir., 2023):

---

## 19 *Breach of Contract*

DriveWealth and Block failed to honor stated commitments regarding account assets and credits, ignored repeated requests for funds, and failed to protect Plaintiffs' interests.

## LAWS VIOLATED:

a. 15 U.S.C. § 78j(b) & 17 C.F.R. § 240.10b-5 (Securities Exchange Act / Rule 10b-5)
b. 15 U.S.C. § 80b-6 (Investment Advisers Act of 1940)
c. 15 U.S.C. § 45 (FTC Act, § 5)
d. 15 U.S.C. § 1693 et seq. (Electronic Fund Transfer Act)
e. 18 U.S.C. § 1343 (Wire Fraud)
f. 18 U.S.C. § 1344 (Bank Fraud)

## CASE LAW:

a. Ernst & Ernst v. Hochfelder, 425 U.S. 185 (1976) .
b. SEC v. Capital Gains Research Bureau, Inc., 375 U.S. 180 (1963)
c. Basic Inc. v. Levinson, 485 U.S. 224 (1988)
d. Regatos v. North Fork Bank, 257 F. Supp. 2d 632 (S.D.N.Y. 2003)

---

## 20. *Business and Personal Harm*

Defendants' conduct caused significant business disruption, delays, and lost opportunities.  Over 1,600 hours were lost in dispute resolution; business expansion was derailed.

## LAWS VIOLATED

a. 15 U.S.C. § 45 (FTC Act, § 5)
b. 15 U.S.C. § 2 (Sherman Act)
c. 15 U.S.C. § 1693 et seq. (Electronic Fund Transfer Act)
d. 18 U.S.C. § 1343 (Wire Fraud) .
e. 18 U.S.C. § 1962 (RICO Act)
f. Uniform Commercial Code (UCC)  (Article 4A).

## CASE LAW:

a. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985)

b.   Bridge v. Phoenix Bond & Indemnity Co., 553 U.S. 639 (2008).
c.   Carroll v. United States, 326 F.2d 72 (9th Cir. 1963)
d.   Regatos v. North Fork Bank, 257 F. Supp. 2d 632 (S.D.N.Y. 2003)
e.   Reynolds v. Mitchell, 529 So.2d 227 (Ala. 1988)

## 21. *Due Process*

Deprivation of property absent of recourse. One of or all defendants, to include individuals from other legal matters, are being a nuisance causing undue delay, property damage and interference as plaintiff gathers information and drafts lawsuits. His legal mail is being tampered with, to include letters from this court, Social Security and the local circuit court. Everything needs to be double and triple checked and some things are hidden, depriving Plaintiff of Plaintiff asks the court to please take this into consideration moving forward.

### LAWS VIOLATED:

a.   *U.S. Constitution  Amend. d. XIV, § 1*
b.   *Ala. Code § 6-5-210 et seq.*
c.   ***Ala. Code § 6-5-120*** – Nuisance defined as "anything that works hurt, inconvenience, or damage to another."

### CASE LAW:

a.   *Mathews v. Eldridge,* 424 U.S. 319 (1976)
b.   *Goldberg v. Kelly,* 397 U.S. 254 (1970)
c.   *Board of Regents v. Roth,* 408 U.S. 564 (1972)

## 22. *Conspiracy to Commit Fraud*

John and Jane Smith 1-10 collaborated with the Defendants to engage in deceptive practices and we're, at one point or another, fiduciaries of and for the Plaintiff yet acted recklessly.

### LAWS VIOLATED:

a.   *\*Alabama Trade Deceptive Practices Act (ADTPA)*        *§ 8-19-5(27*
b.   *Ala. Code § 6-5-101* – Legal Fraud
c.   *Ala. Code § 6-5-103* – Deceit
d.   *Ala. Code § 6-5-104* – Fraudulent deceit
e.   *15 U.S.C. § 45(a)* – Deceit

### CASE LAW:

a.   *Foremost Ins. Co. v. Parham,* 693 So. 2d 409 (Ala. 1997).
b.   *Ex parte Michelin N. Am., Inc.,* 795 So. 2d 674 (Ala. 2001)
c.   *Willis v. Parker,* 814 So. 2d 857 (Ala. 2001)
d.   *Barber v. Business Products Center, Inc.,* 677 So. 2d 223 (Ala. 1996) proven through circumstantial evidence of coordination to defraud.

## 23. *Wire Fraud*

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein. Defendant, by and through its platform Cash App, devised and executed a scheme to defraud Plaintiff of his property and funds. As part of this scheme, Defendant intentionally reallocated and transferred Plaintiff's money to unknown recipients and entities without authorization, consent, or disclosure.

In furtherance of this fraudulent scheme, Defendant utilized interstate electronic communications, including internet-based banking transfers, electronic messages, and wireless transmissions, to effectuate and conceal the unauthorized disbursement of Plaintiff's funds.

**LAWS VIOLATED:**

a. *18 U.S.C. § 1343 (Wire Fraud)*
b. *18 U.S.C. § 1344 (Bank Fraud)*
c. *18 U.S.C. § 1028A (Aggravated Identity Theft)*
d. *15 U.S.C. § 45 (FTC Act, § 5)*
e. *Electronic Fund Transfer Act (15 U.S.C. § 1693 et seq.)*

**CASE LAW:**

a. Ala. Code § 13A-9-3 (Theft by Deception)
b. Ala. Code § 13A-9-112 (Financial Exploitation)
c. Ala. Code § 6-5-370 (Civil Liability for Fraud and Deceit).
d. Ala. Code § 7-4A-204 (Unauthorized Funds Transfers under Alabama UCC Article 4A).

---

## 24. *Spoliation of Evidence*

Defendants John and Jane Smith 1–10 unlawfully accessed and compromised Plaintiff's cell phone, including his emails, camera, microphone, financial accounts, photographs, and files, as well as his laptop. Defendants further placed unauthorized recording devices in Plaintiff's office, erased and altered files stored on his electronic devices.. Defendants also changed Plaintiff's passwords and the security PIN associated with his business phone number, ultimately locking him out of critical files essential to this and other federal matters he has filed. The full extent of Defendants' spoliation of evidence remains unknown. However, Plaintiff possesses both direct proof and sufficient circumstantial evidence to substantiate these claims.

**LAWS VIOLATED:**

a. *Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030*
b. *Electronic Communications Privacy Act (ECPA), 18 U.S.C. §§ 2510–2522 (Wiretap Act) & §§ 2701–2712 (Stored Communications Act)*
c. *Obstruction of Justice, 18 U.S.C. § 1512 & § 1519*
d. *Identity Theft and Assumption Deterrence Act, 18 U.S.C. § 1028*
e. *Alabama Eavesdropping & Surveillance Statute, Ala. Code § 13A-11-30 to § 13A-11-35*

**CASE LAW:**

a. *Phillips v. Smalley Maintenance Servs., Inc., 435 So. 2d 705 (Ala. 1983)*
b. *United States v. Warshak, 631 F.3d 266 (6th Cir. 2010)*
c. *Zubulake v. UBS Warburg LLC, 220 F.R.D. 212 (S.D.N.Y. 2003)* – Landmark case on spoliation of electronic evidence.
d. *Smith v. Atkinson, 771 So. 2d 429 (Ala. 2000)* – Alabama Supreme Court recognized spoliation of evidence as a tort against third parties.

---

## VI. CAUSES OF ACTION

### 25. Count 1: *Securities Fraud*

**Statement of Claim:**

Defendants, through Cash App Investing and DriveWealth, engaged in fraudulent securities transactions by selling Plaintiff's fractional shares (e.g., Apple, Snapchat, DocuSign, Aurora Cannabis) and cryptocurrency without authorization, in violation of Section 10(b) of the Securities Exchange Act, Rule 10b-5, and the Alabama Securities Act. Defendants made material misrepresentations and omissions concerning the security of Plaintiff's assets and systematically underpaid Bitcoin promotional "Boosts." Plaintiff relied on these misrepresentations and was deprived of the use and value of his securities and cryptocurrency, causing financial loss.

### 26. Count 2: *Violation of the Electronic Fund Transfer Act / Unauthorized Transfers*

#### *Statement of Claim:*

Defendants executed unauthorized electronic fund transfers from Plaintiff's Cash App account, reclassified his personal account to "business" without consent, and failed to investigate and resolve disputed transactions as required under the *EFTA, 15 U.S.C. § 1693 et* seq. and *Regulation E*. Defendants' failure to provide proper disclosures, error-resolution, and reimbursement directly caused Plaintiff losses exceeding $10,000 in unauthorized withdrawals and fees.

### 27. Count 3: *Deceptive Trade Practices — 9+ ADTPA Violations*
**Statement of Claim:**

Defendants engaged in unfair and deceptive acts in commerce by misrepresenting Bitcoin "Boosts" as providing 10% back, when in fact Plaintiff received less than 2% of the promised benefit. Defendants further misrepresented their dispute-resolution process, falsely claiming that unauthorized transactions would be promptly corrected.

### 28. Count 4: *Common Law Fraud / Fraudulent Misrepresentation*
**Statement of Claim:**
Defendants knowingly made false statements to Plaintiff regarding the safety of his accounts, the availability of fraud protections, and the true nature of promotions (e.g., Bitcoin Boosts). Plaintiff reasonably relied on these false statements in continuing to use the Cash App platform. As a result, Plaintiff suffered economic harm, including unauthorized transfers, missing securities, and denial of promotional benefits.

### 29. Count 5: *Breach of Fiduciary Duty*

**Statement of Claim:**

**10**

Defendants assumed fiduciary responsibilities over Plaintiff's financial assets by exercising control over his Cash App and investment accounts. As fiduciaries, Defendants owed duties of loyalty, honesty, disclosure, and care. Defendants breached those duties by diverting Plaintiff's assets without consent, exploiting Plaintiff's personal information, failing to safeguard his property. all while maintaining secrecy amongst one another never revealing their motives. As a direct result, Plaintiff suffered financial losses and did not even know the property or the funds existed. Same as the fiduciaries. These were individuals in and out of plaintiffs life, even his own family did not disclose their role to allocate his property, his funds to benefit themselves. Plaintiff is currently living in a condemned RV, has very little to eat, no hot water, no gas for cooking and finds himself out of gas, on the side of the road twice a week. They are depriving him of his property.

### 30. Count 6: *Unauthorized Account Conversion*

#### Statement of Claim:

Defendants wrongfully exercised dominion and control over Plaintiff's property—including cash, securities, and cryptocurrency—by diverting, liquidating, and reclassifying those assets without Plaintiff's authorization. This conduct constitutes civil conversion under Alabama law and fraudulent misappropriation tantamount to embezzlement. Plaintiff has been permanently deprived of the use and value of his property, resulting in measurable financial damages.

### 31. Count 7: *Negligence / Unjust Enrichment/Unauthorized activity*

#### Statement of Claim:

Unauthorized Transactions and FabricateBeginning in or around 2021, Defendants permitted unauthorized transactions totaling at least $1,000 per month for a six-month period, in addition to numerous unauthorized charges in other months. Despite Plaintiff's repeated disputes, supported by documentation and screenshots, Defendants failed to investigate or remedy these errors. Instead, Defendants altered monthly statements by removing transaction detail and replacing merchant information with generic notations such as "CASH CARD PURCHASE," thereby concealing and fabricating the true source of transactions.

As a direct result, Plaintiff sustained losses of approximately $10,000 in his cash account.

### 32. Count 8: *Deceptive Bitcoin Promotions*

#### Statement of Claim:

From December 2020 to March 2021, Defendants, through Cash App, advertised a "10% Bitcoin Boost" promotion on purchases made using Plaintiff's Cash Card. Plaintiff relied upon these representations and expended approximately $6,000 during the promotional period. Under the terms of the promotion, Plaintiff should have received $600 in Bitcoin. Instead, Defendants credited Plaintiff with only $9 in Bitcoin, a systematic underpayment inconsistent with the advertised terms. Defendants' misrepresentations and omissions constituted false, deceptive, and misleading practices designed to induce Plaintiff's spending and participation in Cash App's financial products. Plaintiff suffered financial injury as a result of reliance on these deceptive promotions. Defendants' inadequate data security, oversight, and disclosure practices directly caused Plaintiff financial and personal harm

### 32.. Count 9: *Data Breach and Cybersecurity Failure*

**11**

**Statement of Claim:**
In April 2022, a Block, Inc. employee improperly accessed and exfiltrated sensitive customer data, resulting in widespread compromise of Cash App accounts. Plaintiff's identity and financial accounts were adversely impacted, and unauthorized transactions occurred. Despite public acknowledgment of the breach, Defendants failed to notify Plaintiff in a timely or adequate manner, and Plaintiff was not afforded meaningful recourse.

### 33. Count 10: *Due Process Violation*

**Statement of Claim:**

Defendants, acting individually and in concert, deprived Plaintiff of property and financial resources without meaningful recourse. Plaintiff's legal mail has been intercepted or tampered with, including correspondence from this Court, the Social Security Administration, and Alabama Circuit Court. Such actions obstructed Plaintiff's right to due process, hindered litigation, and delayed access to remedies.

### 34. Count 11: *Conspiracy to Commit Fraud*

**Statement of Claim:**

Defendants John and Jane Does 1–10, acting in concert with Cash App and related entities, engaged in a coordinated scheme to defraud Plaintiff of his assets. These individuals held fiduciary responsibilities but acted recklessly and in violation of their duties of loyalty and honesty. Through deceit, concealment, and coordinated misrepresentations, Defendants unlawfully diverted Plaintiff's funds.

### 35. Count 12;: *Breach of Contract*

**Statement of Claim:**

Defendants Block, Inc. and DriveWealth entered into binding contractual relationships with Plaintiff through Cash App and Cash App Investing platforms. Defendants represented that funds would be safeguarded, transactions accurately processed, and credits properly applied. Defendants breached these agreements by failing to protect account assets, denying access to funds, ignoring valid disputes, and refusing to honor contractual commitments.

### 36. Count 13: *Wire Fraud*

**Statement of Claim:**

Defendants, through Cash App, devised and executed a scheme to defraud Plaintiff of money and property by transferring funds to unauthorized recipients using interstate electronic communications. Defendants intentionally concealed these transfers and deprived Plaintiff of knowledge regarding the recipients and ultimate use of his funds.

### 37. Count 14 *Spoliation of Evidence*

**Statement of Claim**

Defendants John and Jane Does 1–10 unlawfully accessed Plaintiff's cell phone, laptop, and electronic accounts, altering and erasing files, changing passwords, intercepting communications, and placing surveillance devices in Plaintiff's office. These actions destroyed or concealed critical evidence relevant

to this and other pending federal cases. Defendants' conduct constitutes spoliation of evidence and obstruction of justice, and has prejudiced Plaintiff's ability to prosecute his claims.

## VII. PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

36. Issue an injunction (*Fed. R. Civ. P. 65*) restraining Defendants from continuing misconduct, requiring forensic audit Plaintiffs' accounts and correction of all fraudulent records.

   a. Require full disclosure and restitution of all non-disclosure/confidentiality agreement swearing to full disclosure of all property allocated (bought, gifted, traded or sold), who allocated it, tangible or non-tangibles in regards to the plaintiff's or any trust/estate associated with him. Plaintiff demands full disclosure of all/any **intellectual property** in regards to the plaintiff's that has been allocated in any way by the corporate defendants between 2013 and September 2025.
   b. Award compensatory damages for:
      1. Lost "Bitcoin Boosts" value and assets liquidated without consent;
      2. Business losses,
      3. Fees, and false/fraudulent transactions;
      4. Loss of consortium and wasted time injuriously impacting Mr. DeVita
      5. Losses in value from unauthorized asset sales.
      6. Any cryptocurrency that was mined using plaintiffs property, plaintiff demands a fair compensation paid
      7. Any property, known or unknown to plaintiffs, tangible or intangible that the defendants had access to and either sold, gifted, bought or traded for any particular value.
      8. Any gains or losses by sharing, using or selling plaintiffs intellectual property with restitution.
      9. Violating the Alabama Deceptive Trade Practices Act (ADTPA) nine (9) different ways (compensatory losses x 9)

37. Defendants have been a nuisance since at least 2020 causing undue stress and property damage, the loss of his business, the compensatory losses and forcing Plaintiff to put a hold on his future business endeavors, Plaintiff requests the defendants pay **5 million dollars.**

38. Award punitive damages for willful/wanton misconduct, fraud, and bad faith.

39. Award damages for loss of consortium, data breach, and business injury.

   a. **Order accounting and production of all relevant documents and data regarding Plaintiffs' accounts.**
   b. Award reasonable attorneys' fees and costs und, ADTPA, and other applicable law.
   c. Grant any and all further relief the court deems just and proper.

**13**

## VII. DEMAND FOR JURY TRIAL

40. Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted this 30th day of August 2025.
Michael A. DeVita
Pro Se Plaintiff
Tanks Outdoor Services LLC

9/1/2025

## VERIFICATION

I, Michael A. DeVita, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, belief, and recollection. Plaintiff makes these claims of sound mind and in full capacity of himself and his business.

Executed on this 30th day of August 2025.

Michael A. DeVita
Pro Se Plaintiff
Tanks Outdoor Services LLC

9/1/2025

14

M. DeVita
5081 Third Ave
    Lot G4
DotHAN, AL
    36301

Montgomery P&DC 360
WED 03 SEP 2025 PM

AHN TREY Granger
CLERK of CoURT

U.S. District Court
One Church St
Montgomery, AL
    36104

