IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. DEVITA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-cv-436-RAH-KFP |
| | ) | |
| BLOCK, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On June 13, 2025, pro se Plaintiff Michael A. DeVita filed this lawsuit[1] against Block, Inc., Cash App Investing, LLC, Cash App, and Drive Wealth Holdings, LLC. The case was subsequently referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. The case has now returned to this Court under a recommendation from the Magistrate Judge that DeVita's lawsuit be dismissed due to DeVita's repeated failure to follow the Magistrate Judge's orders. DeVita has filed an objection. For the reasons given by the Magistrate Judge, and for the additional reason that DeVita's Amended Complaint, which he refuses to amend, constitutes an improper shotgun pleading, the case will be dismissed without prejudice.

**Background**

Contemporaneously with the filing of this action, DeVita sought leave to proceed *in forma pauperis* which was granted by the Magistrate Judge. In undertaking review under 28 U.S.C. §§ 1915(e) and 1915A, the Magistrate Judge ordered DeVita to file an amended complaint by July 30, 2025, because the

---

[1] DeVita has filed four pro se lawsuits in this District over the past year: *DeVita v. Midtown Motors, Inc.*, No. 1:25-cv-435-RAH-KFP; *DeVita v. Block, Inc.*, No. 1:25-cv-436-RAH-KFP; *DeVita v. Town of Webb*, No. 1:25-cv-437-ECM-KFP; and *DeVita v. FCA US LLC*, 1:26-cv-122-BL-KFP.

complaint was vague, conclusory and failed to state cognizable claims with sufficient factual allegations against the Defendants. (Doc. 11.) DeVita subsequently sought a three-day extension, which the Magistrate Judge granted, thereby requiring DeVita to file the amended complaint on or by August 4, 2025. (Doc. 13.)

DeVita did not comply with the Magistrate Judge's August 4, 2025, deadline. Accordingly, with no amended complaint, the Magistrate Judge recommended that DeVita's lawsuit be dismissed without prejudice. (Doc. 14.) DeVita filed a timely objection on August 20, 2025. (Doc. 15.) This Court construed DeVita's objection as a request for an extension of time to file an amended complaint, which this Court granted. (Doc. 16.) His amended complaint was due on or by September 5, 2025. (*Id.*)

DeVita filed his Amended Complaint on September 5, 2025. (Doc. 18.) The Magistrate Judge's recommendation of dismissal therefore was denied as moot, and the case was returned to the Magistrate Judge for further proceedings, including a § 1915(e) review of the newly filed Amended Complaint. (Doc. 19.)

On October 9, 2025, the Magistrate Judge issued another recommendation that the case be dismissed. (Doc. 20.) She gave three grounds for dismissal: (1) the Amended Complaint's failure to state a claim, (2) DeVita's failure to follow the Magistrate Judge's order to clearly indicate which specific factual allegations support the claims against each named defendant, and (3) the shotgun nature of the Amended Complaint. DeVita was required to file an objection on or by October 23, 2025.

DeVita filed an objection on October 23, 2025. (Doc. 21.) Based on the objection, the Magistrate Judge withdrew her recommendation (doc. 22) and referred DeVita to the Middle District's Pro Se Assistance Program (PSAP) which would help DeVita in drafting a legally compliant complaint. (Doc. 24.) DeVita was

ordered to submit the Declaration of Pro Se Party form by November 13, 2025, and to file a second amended complaint by January 23, 2026. (*Id*.)

DeVita did not submit the declaration as ordered. Instead, he moved to transfer the case to the Northern District of California on November 17, 2025. (Doc. 25.) He also declined assistance from the PSAP volunteer attorney, who was assigned to assist him in drafting a legally compliant complaint in his three pending cases. (*See* doc. 33 at 2.)

On November 18, 2025, the Magistrate Judge issued a show cause order to DeVita as to why he had not complied with her November 3, 2025, order to file the declaration. (Doc. 26.) DeVita filed nothing in response, although he received a copy of the show cause order on November 24, 2025. (Doc. 27.)

Having received nothing from DeVita except for a motion to transfer the case to California, the Magistrate Judge issued an order on February 4, 2026, recommending that the case once again be dismissed without prejudice due to DeVita's repeated failures to comply with the Magistrate Judge's orders and to prosecute the case. (Doc. 29.) Any objections by DeVita were due on or by February 18, 2026.

DeVita filed his declaration a week later on February 11, 2026. (Doc. 30.) He also filed an objection (doc. 31) and another (second) amended complaint (doc. 32) on February 23, 2026. Because DeVita did not seek leave of court to file his second amended complaint out of time, the Magistrate Judge recommended that the second amended complaint be stricken and the case dismissed without prejudice. (Doc. 33.) Objections were due on or by March 16, 2026.

Instead of filing an objection, DeVita filed a motion to recuse the Magistrate Judge on March 11, 2026. (Doc. 34.) In the motion, DeVita also affirmatively stated that he was "not amending any more complaints in any of my cases" because "[t]hey are not shotgun pleadings." (*Id*.)

**Discussion**

When a party objects to a magistrate judge's recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Gopie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the magistrate judge's recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a recommendation is reviewed for clear error. *Id.*

In DeVita's February 23, 2026, objection, he disputes that he has not complied with the Magistrate Judge's orders. He claims there has been accidental human error or mailing irregularities beyond his control. (Doc. 31 at 1.)

While the Court has concerns about the veracity of DeVita's statements about mailing issues, the Court will assume for purposes of this Order that there indeed have been issues with the mail. That aside, DeVita still has not complied with the Magistrate Judge's order that he file a legally sufficient amended complaint that is compliant with the Magistrate Judge's directives and Rules 8 and 10 of the Federal Rules of Civil Procedure. (*See* doc. 24; *see also* doc. 11.) And DeVita has made it clear in his March 11, 2026, filing that he will not file another amended complaint, even if ordered to do so. (Doc. 34.)

That leaves the current complaint—the Amended Complaint—as the operative complaint for consideration. As the Magistrate Judge noted, it is a shotgun complaint. Its allegations against the four named defendants remain vague and conclusory. It does not contain specific factual allegations against each defendant

4

specific to each alleged theory of liability, and it does not provide the relevant dates of all such actions. It also expressly incorporates by reference all preceding paragraphs. And it simply lists "Laws Violated" and "Case Law" with general reference to, for example, the Alabama Deceptive Trade Practices Act, the Computer Fraud and Abuse Act, the Federal Trade Commission Act, the Identity Theft and Assumption Deterrence Act, the Alabama Securities Act, the Electronic Fund Transfer Act, Regulation E, the Securities Exchange Act, the Securities Act of 1933, the Florida Deceptive and Unfair Trade Practices Act, the Consumer Financial Protection Act, the Alabama Uniform Commercial Code, the Gramm–Leach–Bliley Act, the FTC Safeguards Rule, and SEC Regulation S-P. It does this with little to no detail or citation to the specific sections or parts of the referenced acts under which DeVita brings suit, against whom he brings suit, and why. These are all hallmarks of a shotgun complaint. *See Weiland v. Palm Beach Cnty Sheriff's Off.*, 792 F.3d 1313, 1320–23 (11th Cir. 2015) (identifying four types of shotgun pleadings: (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that does not separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against).

And more concerning, the overall nature and format of the pleading strongly suggests that DeVita is using some form of generative artificial intelligence to draft his complaints. That generative AI may be used or consulted does not mean that an

5

AI-generated complaint is legally sufficient under the Federal Rules of Civil Procedure or in the eyes of this Court.

Whether true or not, the point remains that DeVita has not timely filed a legally sufficient complaint and has announced his position that he will not file another complaint. As such, an order from this Court to file another complaint is not warranted.[2]

Accordingly, upon an independent and de novo review of the record, it is **ORDERED** as follows:

1.   Plaintiff's Objections (doc. 31) are **OVERRULED**;

2.   The Recommendation (doc. 29) of the Magistrate Judge is **ADOPTED**;

3.   Plaintiff's Motion to Recuse (doc. 34) is **DENIED** as moot;

4.   The Recommendation (doc. 33) of the Magistrate Judge is **ADOPTED**;

5.   The (second) Amended Complaint (doc. 32) is **STRICKEN**; and

6.   This case is summarily **DISMISSED** without prejudice

**DONE** and **ORDERED** on this the 25th day of March 2026.

_____
R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] It is true that DeVita filed an (second) Amended Complaint on February 23, 2026 (doc. 32), but DeVita did not seek leave of court to file it out of time. Therefore, the Magistrate Judge recommended that it be stricken (doc. 33). That complaint, while better, still suffers from shotgun complaint infirmities.